IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALICIA CAESER<br>*AS ADMINISTRATRIX OF THE*<br>*ESTATE OF TRENTON TREYVON TEAMER* | :<br>:<br>:<br>: | |
| v. | : | CIVIL ACTION NO. 23-3005 |
| | : | |
| GREENTREE TRANSPORTATION<br>COMPANY, et al. | :<br>: | |

McHugh, J.                                                                                                   September 13, 2023

## MEMORANDUM

This case, brought under Pennsylvania law, arises out of a fatal truck accident. In pleading various aspects of Defendants' negligence, Plaintiff cites multiple violations of regulations promulgated by the Federal Motor Carrier Safety Administration, the U.S. Department of Transportation, and the Federal Highway Administration. This, Defendant argues, creates a federal issue rendering this case removable pursuant to 28 U.S.C. §1331. I disagree, and will grant Plaintiff's motion to remand.

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court," and "doubts must be resolved in favor of remand." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396, 400 (3d Cir. 2004). As the removing party, Defendant Greentree Transportation Co. bears the burden of proving that removal is proper. *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995). The Defendants contend that Plaintiff's action is aimed at the enforcement of federal law, and therefore gives rise to federal jurisdiction, relying principally on the doctrine recognized in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005) and related cases. But this mischaracterizes Plaintiff's case and overstates the scope of federal jurisdiction.

A case "arises" under federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983)). But "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Rather, the case must "turn on *substantial* questions of federal law," *Grable*, 545 U.S. at 312 (emphasis added), which the Supreme Court recognized in *Empire* represents a "slim category" of cases. 547 U.S. at 701. "[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit; that will *always* be true when the state claim 'necessarily raise[s]' a disputed federal issue, as *Grable* separately requires. The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Gunn v. Minton*, 568 U.S. 251, 260 (2013). And where, as here, the federal statute in question does not provide a private remedy for a violation, that fact weighs against federal jurisdiction.[1] *Merrell Dow*, 478 U.S. at 810–14.

*Grable* identified four factors to assess federal question jurisdiction over state law claims: whether an issue is necessarily raised, actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance approved by Congress. 545 U.S. at 314. Here, no federal issue is necessarily raised. Plaintiff is proceeding entirely under state law. Her case is not dependent on federal law and Plaintiff could prevail under common law negligence principles without establishing any violation of a federal safety regulation. The federal regulations

---

[1] *Merrell Dow* involved federal labeling standards. In *Grable,* the Court expressed caution about allowing the existence of federal standards to become a gateway to federal court: "For if the federal labeling standard without a federal cause of action could get a state claim into federal court, so could any other federal standard without a federal cause of action." 545 U.S. at 318.

in question are relevant to Defendants' duty of care and as potential evidence of negligence, *see, e.g.*, *Christiansen v. Silfies*, 667 A.2d 396, 403 (Pa. Super. 1995), *app. denied,* 686 A.2d 1307 (Pa. 1996); *Brogley v. Chambersburg Eng. Co.*, 452 A.2d 743, 745–46 (Pa. Super. 1982) but proving a violation of these standards is by no means the "cornerstone" of Plaintiff's case. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016). And it should be noted that Plaintiff does not seek to challenge the regulations, but only to apply them to a particular set of facts.

The regulations in question may be "disputed," but any dispute has a narrow scope. The validity of the regulations is not at issue, but only factual issues as to whether the regulations applied to Defendants' conduct and whether they were violated. Like the legal malpractice case before the Supreme Court in *Gunn,* federal law here supplies part of the backdrop against which the Defendants' conduct will be evaluated, but the need for a trial court to make rulings about the relevance and admissibility of the standards does not elevate the matter to a federal case.

Similarly, the federal issue here is not substantial, because a jury's "backward-looking" verdict in a tort case is unlikely to significantly implicate federal law. *Gunn*, 568 U.S. at 261. It bears mentioning that in *Gunn,* the underlying legal principles were grounded in federal patent law, where there is close to total preemption of state law, but even there, the Supreme Court observed that a state court's resolution of a patent issue raised no concern because it "would [not] be controlling in numerous other cases." *Id.* at 262 (quoting *Empire*, 547 U.S. at 700).

Finally, removing this case to federal court would risk disrupting the federal-state law balance recognized by Congress. Historically, "state tort law and other similar state remedial actions are often deemed complementary to federal regulatory regimes" and fall "squarely within the realm of traditional state regulation." *Fellner v. Tri–Union Seafoods, L.L.C.,* 539 F.3d 237,

249 (3d Cir. 2008).  Withholding Plaintiff's tort claims here from the traditional domain of state court "would upset the prominent role that state courts play" in resolving such common law cases. *Goldman v. Citigroup Glob. Mkts. Inc.*, 834 F.3d 242, 257 (2016) (*Grable* analysis recognizing traditional role of state courts in resolving contract disputes.)

In short, Plaintiff's citation to federal safety regulations in a state law negligence case is not "significant to the federal system as a whole." *Gunn*, 568 U.S. at 264.  Consequently, jurisdiction does not exist under §1331, and remand to state court is warranted.

       /s/ Gerald Austin McHugh
   United States District Judge